**CENTILLION DATA SYSTEMS, INC., Plaintiff,**

v.

**AMERICAN MANAGEMENT SYSTEMS, INC.; Frontier Corporation; Cable & Wireless USA, Inc.; and Sprint Spectrum, L.P., Defendants.**

**No. IP98–1748–C–Y/F.**

United States District Court, S.D. Indiana, Indianapolis Division.

July 6, 2001.

Michael Greenbaum, Blank, Rome, Comisky & McCauley LLP, Washington, DC, G. Ronald Heath, Hoover, Hull, Baker & Heath, Indianapolis, IN, Matthew J. Siembieda, Blank, Rome, Comisky & McCauley LLP, Philadelphia, PA, for plaintiff.

Amy R. Kennelly, Bose, McKinney & Evans, John R. Schaibley III, Baker & Daniels, Indianapolis, IN, for defendants.

**ENTRY on Plaintiff's Motion to Substitute, as amended (doc. no. 383).**

FOSTER, United States Magistrate Judge.

The present motion seeks the substitution of Centillion Data Systems, L.L.C. ("CDSL") for current plaintiff Centillion Data Systems, Inc. ("CDSI"). CDSI contends that, pursuant to an Agreement and Plan of Merger between CDSI and CTI Group (Holdings), Inc. ("CTI"), (1) CDSI assigned all rights, title, and interest in the patents at issue in this Cause to CDSL; (2) CDSI ceased to exist, having been merged "with and into" CTI.; and (3) CDSL has given a license to CTI with respect to the future use of the patents.

The defendants oppose the substitution because no information or evidence was provid-

ed showing: (1) whether CDSI's liabilities were also transferred or assigned in addition to its patents in suit; (2) whether CDSI's other assets were also transferred or assigned; (3) who has possession, custody, and/or control of CDSI's books and records; (4) whether CDSI has been sufficiently capitalized to cover any counterclaim judgment; and (5) whether CDSI has ceased to exist. Understandably, the defendants want to ensure that a liable party with sufficient assets (or, at least as many available assets as CDSI has or had) to satisfy a judgment remains in the Cause and they want to assure continued easier party access to CDSI's records and books. When asked, the defendants did not agree or stipulate to the plaintiff's proposed substitution but offered to agree to add CDSL as another party plaintiff.

Fed.R.Civ.P. 25(c) provides:

> In case of any transfer or interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subdivision (a) of this rule.

Subdivision 25(a)(1) provides:

> The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district.

The power of substitution is discretionary and courts have options:

> The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred. The action may be continued by or against the original party, and the judgment will be binding on his successor in interest even though he is not named. An order of joinder is merely a discretionary determination by the trial court that the transferee's presence would facilitate the conduct of this litigation.

> The court, if it sees fit, may allow the transferee to be substituted for the transferor. It also is free, if it wishes, to retain the transferor as a party and to order that the transferee be made an additional party. In either case, personal jurisdiction and venue will be extended over the successor; it is not necessary to re-establish those requirements. If the transferor and the transferee are both already parties to the action the court, again in its discretion may dismiss the transferor from the suit. Since the matter is discretionary, it may refuse substitution if this seems the wisest course.

7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure, 2d ed.,* § 1958, pp. 555–60 (1986) (footnotes omitted).

The defendants' concerns are valid. Under Indiana law,

> ... where one corporation purchases the assets of another, the buyer does not assume the debts and liabilities of the seller. Generally recognized exceptions to this rule include (1) an implied or express agreement to assume the obligation; (2) a fraudulent sale of assets done for the purpose of escaping liability; (3) a purchase that is a de facto consolidation or merger; or (4) instances where the purchaser is a mere continuation of the seller.

*Winkler v. V.G. Reed & Sons, Inc.,* 638 N.E.2d 1228, 1233 (Ind.1994) (citations omitted). In addition, "[a] dissolved corporation continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business and affairs, including ... Discharging or making provision for discharging its liabilities...." Ind.Code Ann. § 23–1–45–5(a)(3) (Burns 1999). *KeyBank National Ass'n v. Michael,* 737 N.E.2d 834, 845 (Ind.Ct.App.2000). The plaintiff has not shown an express or implied agreement for CDSL to assume the liabilities of CDSI. There is no suggestion that the sale of CDSI's assets was part of a fraudulent scheme to escape liability. The referenced Agreement and Plan of Merger was not submitted to the Court (and apparently not to the defendants, either), so it is unknown

whether the sale was a *de facto* consolidation or merger or whether CDSL is a mere continuation of CDSI. If CDSI's liabilities were not transferred, then CDSI's existence presumably would continue in order to discharge its liabilities.

Until these uncertainties are clarified, we cannot know whether CDSI should be dropped as a plaintiff and whether CDSL and/or CTI should be substituted or simply added as additional parties. The plaintiff's motion is therefore denied.

If the plaintiff or the defendants later move for substitution, care should be taken to comply with the service requirements of Fed.R.Civ.P. 25(c) and (a)(1). In addition, a sufficient showing should be made regarding possession, custody, or control of CDSI's records and books.